UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

                                                                                                                BKY 12-50842

Jeanine Ball,

                      Debtor.

-------------------------------------------------

## NOTICE OF HEARING AND OBJECTION TO
## CONFIRMATION OF CHAPTER 13 PLAN
## AND MOTION TO DISMISS

      Kyle L. Carlson, Chapter 13 trustee, by and through his undersigned attorney, hereby objects to confirmation of the Chapter 13 plan filed by the debtor and requests that the case be dismissed.

      1.     The Court will hold a hearing on this motion at 9:00 a.m. on October 30, 2012, in Courtroom 2, United States Courthouse, 4th Floor, 515 W First Street, Duluth, Minnesota.

      2.     Any response to this motion must be filed and served not later than October 25, 2012, which is five days before the time set for the hearing (including Saturdays, Sundays, and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

      3.     Kyle L. Carlson is the Chapter 13 trustee ("Trustee") of the debtor in the above-referenced bankruptcy case. This case is pending before this Court.

      4.     This Court has jurisdiction over this matter under 28 U.S.C. Section 157 and 1334. This objection is brought pursuant to 11 U.S.C. §1307, 1324 and 1325, Bankruptcy Rule 3015 and Local Rule 3015. This matter is a core proceeding.

      5.     The Debtor commenced this case by filing a voluntary Chapter 13 on August 9, 2012 and filed a Chapter 13 plan on that date. The terms of the plan are unclear.

      6.     Trustee objects to confirmation of the plan on the basis that the plan is vague and unclear. Line 1b of the plan indicates the Debtor is going to pay $700 per month but does not indicate the number of months this payment is going to be made. Line 2 indicates the trustee is to receive $70 per month from the plan but Lines 3a and 6a distribute $700 per month to a secured creditor. Paragraph 11, the treatment of unsecured creditors, is not filled in but the Summary attached indicates unsecured creditors are to receive distributions of "1 cent on the dollar." There are no total payments listed. Debtor needs to modify this plan to provide specific information as to what payments are going to be made, what distributions each class of creditors is to receive and what the total of such distributions.

      7.     Trustee further objects to confirmation of the plan on the basis that the plan is not feasible. On Schedule I Debtor lists net income of $880 per month. On Schedule J Debtor lists expenses of $1,840 per month. Debtor has no funds available to make a plan payment. If Debtor does have such disposable income she needs to modify her schedules to disclose it. Furthermore it should be noted that the creditor listed in Line 6 has filed a claim indicating that the mortgage arrearages total $79,774. Debtor's plan proposes to pay that creditor $700 per month towards those arrearages. However, in order to pay those arrearages back within 60 months Debtor would need to pay that one creditor $1,329 over 60 months, which is the maximum plan term. Therefore the plan is not feasible.

      8.     For the forgoing reasons the trustee contends that the case was filed in bad faith. As a result the case should be converted to a Chapter 7 or dismissed.

      **WHEREFORE**, Kyle L. Carlson requests an order as follows:

(A)    Denying confirmation of the Chapter 13 plan;

(B)    Dismissing the Chapter 13 case; and

(C)    Granting any other relief the Court deems just and proper.

Hedback, Arendt & Carlson, PLLC

Dated: October 7, 2012              ____/e/ John A. Hedback____
John A. Hedback, #142438
Attorney for Chapter 13 Trustee
2855 Anthony Lane South, Suite 201
St. Anthony, MN 55418
(612) 436-3280
Attorneys for the Movant

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

BKY 12-50842

Jeanine Ball,

## VERIFICATION

The Trustee verifies under penalty of perjury that the information contained in the foregoing motion is true and correct to the best of the Trustee's knowledge, information and belief.

Dated: October 8, 2012 /e/ Kyle L. Carlson

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

BKY 12-50842

Jeanine Ball,

**MEMORANDUM**

Debtors.

------------------------------------------------

Kyle L. Carlson, Chapter 13 trustee, (Trustee) hereby submit its memorandum of fact and law in support of its Objection to Confirmation (Motion).

## I. STATEMENT OF FACTS

The facts supporting the Objection to Confirmation are set forth in the attached verified motion. In addition, Trustee also relies on the representations made by Debtor in their verified Schedules on file and of record herein.

## II. STATEMENT OF LAW AND ARGUMENT

Section 1324 provides that a party in interest may object to confirmation of a plan. A Chapter 13 trustee would be such a party in interest.

Section 1325 provides that the Court shall confirm a plan if it meets certain requirements.

Section 1325(a)(6) provides that the Court shall confirm the plan if the debtor will be able to make all payments under the plan and comply with the plan. Due to the fact that Debtor does not appear to have any disposable income, Trustee contends that Debtor can not meet the requirements of this section.

Section 1325(a)(3) requires that the plan be proposed in good faith. Good faith is based upon the totality of the circumstances. *In re Molitor* 76 F.3rd 218, 220-221 (8th Cir. 1996) (citing *In re LeMaire*, 898 F.2d 1346, 1349 (8th Cir. 1990)). The debtor has to be making a good faith effort to pay her creditors.

Trustee contends that the fact that the plan is vague and unclear does not allow him to administer the plan. If the Debtor files a plan that can not be administered Trustee contends that it is filed in bad faith and should not be confirmed.

   Section 1307(c) provides that the Court, after notice and a hearing may convert this case to one under Chapter 7 or dismiss it for cause. Cause includes denial of confirmation of a plan and for filing in bad faith.

               Hedback, Arendt & Carlson, PLLC

Dated: October 7, 2012       ____/e/ John A. Hedback____
                  John A. Hedback, #142438
                  2855 Anthony Lane South, Suite 201
                  St. Anthony, MN  55418
                  (612) 436-3280
                  Attorneys for Movant

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                   BKY 12-50842

Jeanine Ball,

**UNSWORN DECLARATION FOR**
Debtor(s).               **PROOF OF SERVICE**

------------------------------------------------

       The undersigned, being an employee of Hedback, Arendt & Carlson, PLLC, attorneys licensed to practice law in this Court, with office address of 2855 Anthony Lane, St. Anthony, MN 55418, declares that on the date below, I served the following:

1.     Notice and Objection to Confirmation of Chapter 13 Plan and Motion to Dismiss;
2.     Memorandum;
3.     Proposed Order; and
4.     Unsworn Declaration for Proof of Service.

upon each of the entities named below by mailing to each of them a copy thereof by enclosing same in an envelope with first class mail postage prepaid and depositing same in the post office at St. Anthony, MN addressed to each of them as follows:

Jeanine Ball
515 E 10th St
Duluth, MN 55805

and I certify under penalty of perjury, that the foregoing is true and correct.

Dated: October 8, 2012                                     ____/e/ John A. Hedback____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

BKY 12-50842

Jeanine Ball,

**ORDER**

Debtor.

-------------------------------------------------

This case came before the Court on the confirmation of the debtor's Chapter 13 plan. An objection to confirmation has been filed by Kyle L. Carlson, Chapter 13 trustee. Appearances were noted on the record. Based on the file, record and proceedings herein,

**IT IS ORDERED**:

1. Confirmation of the debtor's Chapter 13 plan is denied

2. The Chapter 13 case is dismissed.

BY THE COURT

Dated:_____    _____
U.S. Bankruptcy Judge